1 **WO**                                                                                              MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Ramona Holderman, ) | No. CV 06-3016-PHX-SMM (JRI) |
| Petitioner, ) | **ORDER** |
| vs. ) |  |
| Dora Schriro, et al., ) |  |
| Respondents. ) |  |

Petitioner Ramona Holderman, who is confined in the Arizona State Prison Complex - Perryville and is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. She has paid the $5.00 filing fee. The Court will require an answer to the Petition.

As alleged in the Petition, Petitioner was convicted in Maricopa County Superior Court, case #CR2003-019679-001 DT, of attempted fraudulent schemes and artifices and was sentenced to a 8.75-year term of imprisonment. In her Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises two grounds for relief.

In Ground One, Petitioner alleges that her Sixth Amendment rights were violated because the trial court aggravated her sentenced based on factors that were not pled or presented to a jury. In Ground Two, Petitioner alleges that her Sixth and Fourteenth Amendment due process rights were violated because she was not provided notice of the

**TERMPSREF**

1 aggravating factors on which the trial court relied to aggravate her sentence beyond the
2 presumptive.

3 It appears Petitioner has exhausted her claims. Accordingly, an answer is required.
4 28 U.S.C. § 2254(a).

5 **IT IS ORDERED:**

6 (1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order
7 on the Respondent and the Attorney General of the State of Arizona by certified mail
8 pursuant to Rule 4, Rules Governing Section 2254 Cases.

9 (2) Respondents must answer the Petition within 40 days of the date of service.
10 Respondents must not file a dispositive motion in place of an answer but may file an answer
11 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
12 procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only
13 those portions of the record relevant to those defenses need be attached to the answer.
14 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
15 defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative
16 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
17 Governing Section 2254 Cases.

18 (3) Petitioner may file a reply within 30 days from the date of service of the
19 answer.

20 (4) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1
21 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
22 recommendation.

23 DATED this 18th day of January, 2007.

Stephen M. McNamee
United States District Judge