Case 2:06-cv-03016-SMM   Document 16   Filed 10/16/07   Page 1 of 20

SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Ramona Holderman,**
Petitioner
-vs-
**Dora B. Schriro, et al.,**
Respondents

CV-06-3016-PHX-SMM (JI)

**REPORT & RECOMMENDATION
On Petition for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Perryville, Arizona, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 15, 2006 (#1), challenging her sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). On April 4, 2007 Respondents filed their Response (#12). Petitioner filed a Reply on May 7, 2007 (#15).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

When offering the factual basis for Petitioner's guilty plea, Petitioner's trial counsel made the following statement:

> MR. COLON: Your Honor, between February 1st, 1998 and April 1st, 2002, here in Phoenix, Arizona, Maricopa County, pursuant to a scheme to defraud, Miss Ramona Farris Holderman used the social security of Sandra Farris, the victim in this case, without her

1
2
>permission and obtained different lines of credit with different creditors and through those lines of credit she purchased items. And, again, with the intent to defraud and without the permission of the victim.

3 (Exhibit G, R.T. 4/22/04 at 14.)

4

## B. PROCEEDINGS AT TRIAL

Petitioner was indicted on August 19, 2003 on one count of fraudulent schemes and artifices, five counts of forgery, and one count of identity theft. (Exhibit A, Indictment.)

The prosecution filed an Allegation of Historical Priors, asserting that under the name "Ramona E. Scott", Petitioner had garnered a 1989 conviction for theft, a 1991 conviction for forgery, and a 1993 conviction for theft. (Exhibit B.) Petitioner moved to strike the allegations of prior felony convictions, arguing that two of the priors were too stale. (Exhibit D.)

The matter proceeded to trial on April 20, 2004, with a jury being empaneled and instructed and witnesses being presented. (Exhibit E, M.E.s 4/20/04 & 4/21/04.) On the third day of trial, the prosecution and Petitioner entered into a written Plea Agreement (Exhibit F.)

Under the terms of the Plea Agreement, Petitioner agreed to enter a guilty plea to one amended count of attempted fraudulent schemes and artifices with one prior felony conviction, the 1993 theft conviction. The parties stipulated to a prison term of 4.5 to 9.25 years, with a presumptive sentence of 6.5 years. The prosecution agreed to dismiss all other charges and to not file any additional charges arising out of the use of the stolen social security numbers. (Exhibit F at 2.)

On April 22, 2004, Petitioner entered her plea of guilty. (Exhibit G., R.T. 4/22/04; and Exhibit H, M.E. 4/22/04.) In the course of the plea proceeding, the court restated the terms of the plea agreement, including the agreement "that her prior felony conviction is accurately described in the document attached as Exhibit A to the Plea Agreement." (Exhibit G., R.T. 4/22/04 at 8.) Petitioner affirmed that the recited terms were her "agreement with the State." (*Id.* at 9.) Petitioner entered her plea accordingly:

> THE COURT: How do you plead to the crime of attempted fraudulent schemes and artifices, a Class 3 felony, with one prior felony conviction, guilty or not guilty?
> THE DEFENDANT: Guilty.

(*Id.* at 14.)

Petitioner filed a Sentencing Memorandum, arguing that she should be sentenced to the presumptive term because, *inter alia*, her sentence was effectively already aggravated for her prior felony conviction by virtue of its use as a historical prior. (Exhibit I at 4.) The Presentence Investigation (Exhibit J) reflected that Petitioner had three known prior felony convictions, and included the prosecution's recommendation for a "slightly aggravated sentence" of 8.75 years.

On May 21, 2004, Petitioner appeared for sentencing. The trial court identified the factors considered in his sentencing decision, including: the possibility of additional charges, the possibility of others being involved in the crime, the limited sentences served in Petitioner's prior convictions, the repetitive and premeditated acts involved in the crime, the harm to the victims, and the harm to Petitioner's children. (Exhibit K, R.T. 5/21/04 at 47-52.) The court then summarized its decision as follows:

> Given the nature of the crime, the criminal history of the defendant and the other factors that I have mentioned, I find that the aggravating factors outweigh the mitigating factors and does call for a sentence greater than the presumptive.

(*Id.* at 52.) Accordingly, Petitioner was sentenced to a term of 8.75 years. (*Id.*; Exhibit L, Sentence of Imprisonment.)

## C. PROCEEDINGS ON DIRECT APPEAL

Having pled guilty, Petitioner had no ability to file a direct appeal. Ariz. Rev. Stat. § 13-4033(B). No direct appeal was filed.

## D. PROCEEDINGS ON POST-CONVICTION RELIEF

**Proceedings in the Trial Court** - On June 14, 2004, Petitioner filed her Notice of

Post-Conviction Relief (Exhibit M).[1] On November 16, 2004, Petitioner filed her Petition for Post-Conviction Relief, arguing that the sentencing court had found "the aggravating factors of (1) repetitive, premeditated and detailed fraud performed with careful planning; (2) adverse impact on corporate entities, their stockholders and customers; and (3) harm to defendant's own children outweighed any mitigating factors." (Exhibit S at 2.) Thus, Petitioner argued that her sentence was a violation under *Blakely*.

The state responded that the claim had been waived, and that the aggravated sentence was authorized once at least one aggravating factor was established, and that Petitioner's guilty plea admitted two aggravating factors: (1) commission for pecuniary gain; and (2) a prior felony. (Exhibit T, Response at 8-10.) The state further argued that any error was harmless because no reasonable jury would have failed to find the harm to the victims. (*Id.* at 10-11.)

Petitioner replied that the finding of one aggravating circumstance did not authorize the sentence where the court also found other factors which were then weighed together to determine whether to aggravate the sentence. (Exhibit U.)

On February 7, 2005, the court summarily dismissed Petitioner's PCR petition, finding:

> In this case, the Court relied upon Holderman's admission of a prior felony conviction as an adequate basis for an aggravated term. [See page 5 of April 22, 2004 Plea Agreement and Transcript of May 2 1, 2004 Sentencing at 52]
> While other facts were mentioned at sentencing, the prior conviction was sufficient to support the sentence. "[T]he existence of one aggravating factor... expanded the sentencing range and the scope of the trial court's sentencing discretion." *State v. Martinez*, - Ariz. -, 100 P.3d 30, 34, 438 Ariz. Adv. Rep. 10 (Ct. App. 2004).

(Exhibit W, Petition for Review at attachments, M.E. 2/7/05.)

Petitioner filed a Motion for Rehearing, arguing that the existence of one aggravating

---

[1] On July 22, 2004, during the pendency of her PCR petition, Petitioner filed through counsel a Motion to Modify Sentence Pursuant to Rule 24.3 of the Arizona Rules of Criminal Procedure, based on the then recently decided *Blakely* (Exhibit N). The court denied the motion as untimely. (Exhibit Q, R.T. 10/6/04 at 8; Exhibit R, M.E. 10/6/04.)

factor did not permit judicial fact-finding on other factors. (Exhibit V.) That motion was denied. (Exhibit W, Petition for Review at attachments, M.E. 2/24/05.)

**Proceedings in the Arizona Court of Appeals** - On March 3, 2005, Petitioner filed a Petition for Review (Exhibit W), arguing that the trial court's decision rejecting Petitioner's *Blakely* claim was in error in finding the aggravated sentence authorized upon admission of one aggravating circumstance. Petitioner also argued that "the prior conviction simply elevated the presumptive sentence imposable; it did not afford an independent basis for further aggravation." (*Id.* at 3.) The petition for review was summarily denied by the Arizona Court of Appeals on November 8, 2005. (Exhibit X, Petition for Review at Exhibit C, Order 11/8/05.)

**Proceedings in the Arizona Supreme Court** - On December 13, 2005, Petitioner filed a Petition for Review by the Arizona Supreme Court, arguing for the first time that Petitioner was denied Due Process because she "was not given notice of the aggravating factors that the judge would rely on prior to the sentencing except for the prior felony conviction." (Exhibit X at 2. *See also id.* at 3, 8-10.) Petitioner also argued that her rights under *Blakely* were violated and the Arizona Supreme Court had circumvented *Blakely* by its determination in *State v. Martinez*, 210 Ariz. 578, 585, 115 P.3d 618, 625 (2005) that only one aggravating circumstance was necessary to authorize an aggravated sentence. (Exhibit X at 6.) That petition was summarily denied by a Minute Order entered May 5, 2006. (Exhibit AA, Docket, Arizona Supreme Court.)

## E. PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner commenced the current federal habeas proceeding by filing her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 15, 2006 (#1). The Petition asserts two grounds for relief:

    1. <u>*Blakely*</u> - In Ground 1, Petitioner argues that "the trial court's aggravation of Ms. Holderman's sentence without a jury determination violated *Blakely* tenets and the Sixth Amendment to the United States Constitution." (Petition, #1 at 9.) Further,

- 5 -

in her memorandum in support, Petitioner argues it was improper to aggravate her sentence based upon a factor used in determining her offense, *i.e.* her prior convictions, citing *Cunningham v. California*, 127 S.Ct. 856 (2007).

    2.  <u>No Notice</u> - In Ground II, Petitioner argues that her rights to Due Process under the Sixth and Fourteenth Amendments were violated when she was sentenced based on aggravating factors of which she was given no notice for her to adequately defend herself.

On April 4, 2007 Respondents filed their Response (#12). Respondents argue that Petitioner's first ground for relief is without merit, inasmuch as the maximum authorized sentence was expanded based upon Petitioner's criminal history. Respondents argue that unlike the California law under consideration in *Cunningham*, under Arizona law, there is no prohibition against aggravating Petitioner's sentence based upon a factor used in determining her offense. Respondents further argue that the Ninth Circuit precedent in *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007), which arguably negates non-retroactivity concerns for Petitioner, is wrongly decided. Respondents argue that Petitioner's Ground 2 was not fairly presented to the state courts, having been presented for the first time in Petitioner's petition to the Arizona Supreme Court. Respondents argue that the claim is now procedurally defaulted, under both timeliness bars and preclusion bars.

Petitioner filed a Reply on May 7, 2007 (#15). Petitioner argues that the state's reliance on *State v. Martinez* is misplaced, because that decision is based on reasoning which: (1) is inconsistent with the language and purpose of Arizona's determinate sentencing scheme; and (2) the weighing of aggravating and mitigating circumstances must be completed by the jury. Petitioner further argues that her notice claim is based on the requirement of *Blakely* that aggravating circumstances be "charged in the indictment and proven to the jury" and while perhaps inartfully so, it was raised to the lower courts.

/ /
/ /
/ /

### III. APPLICATION OF LAW TO FACTS

#### A. *BLAKELY* CLAIM - GROUND ONE

In her Ground 1, Petitioner argues that "the trial court's aggravation of Ms. Holderman's sentence without a jury determination violated *Blakely* tenets and the Sixth Amendment to the United States Constitution." (Petition, #1 at 9.) Further, in her memorandum in support, Petitioner argues it was improper to aggravate her sentence based upon a factor used in determining her offense, *i.e.* her prior convictions, citing *Cunningham v. California*, 127 S.Ct. 856 (2007).[2]

#### 1. Overview of *Blakely*

*Blakely* was based upon the premise, expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely* extended *Apprendi* to determinate sentencing schemes where the maximum authorized sentence within the statutory range expands based upon the existence of certain facts.

In *Cunningham*, the U.S. Supreme Court applied *Blakely* to California's determinate sentencing scheme with a triad of mitigated, presumptive and aggravated sentences similar to Arizona's triad scheme. The Court held that, inasmuch as the California statute only authorized an aggravated sentence upon the finding of aggravating *facts,* and provided for the judge to determine those facts by preponderance of the evidence, it violated the rules of *Apprendi* and *Blakely*.

There are two situations not proscribed by *Apprendi* / *Blakely*. The first is where the fact utilized to increase the sentence is a prior conviction, which fact may be appropriately found by the court. *Apprendi*, 530 U.S. at 490. The second is where the defendant has agreed to remove the determination from the jury, e.g. by admitting the aggravating facts by

---

[2] Because it does not affect the outcome, he undersigned does not decide whether *Cunningham* can be retroactively applied to Petitioner's claims.

- 7 -

her guilty plea, or stipulating to the facts, or consenting to the judicial determination. *See Blakely*, 542 U.S at 310 (citing *Apprendi*, 530 U.S. at 488) ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").

### 2. Non-retroactivity under *Teague*

**Non-Retroactivity Principles** - Respondents argue that *Blakely* cannot be relied upon by Petitioner because of the non-retroactivity principles in *Teague v. Lane*. Respondents further argue that the Ninth Circuit precedent in *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007), which arguably negates non-retroactivity concerns for Petitioner, is wrongly decided.

"Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality). The Ninth Circuit has concluded that *Blakely* established new constitutional rules of criminal procedure that do not fit within any of the exceptions to *Teague*. *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005). Thus, *Blakely* may not be retroactively applied.

*Blakely* was decided June 24, 2004, after Petitioner's May 21, 2004 conviction, but during the pendency of Petitioner's post-conviction relief proceeding before the trial court. The non-retroactivity principles of *Teague* only apply when a Petitioner attempts to rely on a decision rendered after his conviction has become "final." In *Beard*, the Court repeated the general rule:

> ***Ordinarily***, ascertaining the date on which a defendant's conviction becomes final poses no difficulties: **State convictions are final** "for purposes of retroactivity analysis **when the availability of direct appeal to the state courts has been exhausted** and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."

542 U.S. at 411 (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)) (emphasis added).

Here, however, Petitioner had no right of "direct appeal" as a result of her guilty plea. *See* A.R.S. § 13–4033(B) ("In noncapital cases a defendant may not appeal from a judgment

- 8 -

or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."). Arguably, that should ordinarily be the end of the discussion. However, the Arizona state courts have, for purposes of retroactivity analysis, deemed a pleading defendants' conviction "final" only upon the expiration or exhaustion of a pleading defendant's post-conviction proceeding of right.[3] This approach is based upon the Arizona courts' determination that a PCR proceeding of right is the equivalent of direct appeal for pleading defendants.

> Rule 32 incorporates this appeal right [provided under the Arizona constitution]: "Any person who pled guilty ... shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz. R.Crim. P. 32.1. Thus, even though this matter is a post-conviction relief proceeding, by virtue of Article 2, Section 24 of the Arizona Constitution, as interpreted by *Montgomery* [*v. Sheldon*, 181 Ariz. 256, 258-59, 889 P.2d 614, 616-17 (1995), op. supp., 182 Ariz. 118, 893 P.2d 1281 (1995)], it is the functional equivalent of a direct appeal.

*State v. Ward,* 211 Ariz. 158, 162, 118 P.3d 1122, 1126 (Ariz.App. 2005). "In *State v. Ward*, the Arizona Court of Appeals, after recognizing that new constitutional rules usually apply retroactively only to 'convictions not yet final on direct review,' and not to cases on 'collateral review,' placed the Rule 32 of-right proceeding squarely in the former category." *Summers v. Schriro,* 481 F.3d 710, 716 (9th Cir. 2007) (determining finality for purposes of applying statute of limitations under 28 U.S.C. § 2244). *See Beals v. Bartos,* 2007 WL 2220467, CV-06-0801-PHX-JWS (D.Ariz. Aug 02, 2007) (applying *Summers* to retroactivity analysis); *Valentino Mungia v. Ontiveros*, 2007 WL 2461852, CV-06-2016-PHX-FJM (D.Ariz. Aug 27, 2007) (same).

Accordingly, the undersigned concludes that because Petitioner's of-right PCR proceeding was still pending, Petitioner's conviction was not final for non-retroactivity purposes at the time *Blakely* was decided. Thus, *Petitioner* is entitled to rely upon the holding of *Blakely*.

---

[3] Petitioner's PCR petition was an "of right" proceeding. *See* Ariz. R. Crim. P. Rule 32.1 ("Any person who pled guilty ...shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

**3. Merits of Claim**

Respondents argue that Petitioner's first ground for relief is without merit, inasmuch as the maximum authorized sentence was expanded based solely upon Petitioner's criminal history.

**a. Nature of Arizona's Sentencing Scheme**

In rejecting Petitioner's PCR Petition, the trial court relied upon the Arizona Court of Appeals' decision in *State v. Martinez*.

> "[T]he existence of one aggravating factor... expanded the sentencing range and the scope of the trial court's sentencing discretion." State v. Martinez, - Ariz. -, 100 P.3d 30,34,438 Ariz. Adv. Rep. 10 (Ct. App. 2004).

(Exhibit W, Petition for Review at attachments, M.E. 2/7/05.) Subsequent to the trial court's decision, the Arizona Supreme Court reviewed the decision in *Martinez*, and affirmed its reasoning, concluding that "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *State v. Martinez*, 210 Ariz. 578, 585115 P.3d 618, 625 (2005).

That determination was based upon the *Martinez* court's interpretation of the Arizona sentencing scheme, which although it called upon the sentencing judge "to balance all the aggravators and mitigators in determining what sentence to impose," *Martinez*, 210 Ariz. at 584, 115 P.3d at 624 (citing Ariz. Rev. Stat. § 13-702(D)), it also authorized an increase of the presumptive sentence to the maximum "upon a finding of *one or more* of the aggravating circumstances," *id.* (citing Ariz. Rev. Stat. § 13-702(A)). "Thus, a jury finding of a single aggravating factor establishes the facts legally essential to expose the defendant to the maximum sentence prescribed in section 13-702." *Id.*

Petitioner challenges the reasoning of *Martinez*, arguing that it is inconsistent with the language and purpose of Arizona's determinate sentencing scheme. In essence, Petitioner asserts that *Martinez* misreads Arizona law, and that an aggravated sentence was not

authorized until after consideration of all aggravating and mitigating factors. However, that argument presents a matter of state law not reviewable by this Court. *See Bains v. Cambra*, 204 F.3d 964, 971 (9th Cir. 2000) ("federal court is bound by the state court's interpretations of state law").

### b.  Application of *Blakely*

Here, Petitioner's sentence was aggravated based upon the trial judge's weighing of a series of factors, including the existence of Petitioner's prior convictions. Under *Blakely* and *Apprendi*, prior convictions may properly be determined by judicial factfinding. Moreover, Petitioner admitted the existence of one prior conviction as part of her plea.

Under Arizona law, as determined in *Martinez*, once the trial judge found the existence of that single aggravating circumstance, then the maximum authorized sentence increased from the presumptive to the aggravated term.

It is true that the trial judge also considered other judicially determined facts, e.g. harm to the Petitioner's children, in selecting a final sentence. The applicable statute mandated such weighing:

> In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term.

Ariz. Rev. Stat. § 13-702(D) (2004). Petitioner argues that this weighing of judicially determined facts was a violation of *Blakely*. However, in so arguing, Petitioner confuses the sentence selected with the sentence authorized.

It is only the increase in the sentence authorized which is governed by *Blakely*. Under *Martinez*, the aggravated sentence was authorized as soon as the trial judge found the single aggravating circumstance of the prior conviction. From that point, it was merely the selection of the final sentence which was directed by the weighing of the other judicially determined facts.

Under Petitioner's rationale, no guidance to judicial fact-finding in sentencing would

ever be permissible, since the determined facts would invariably lead to the sentence ultimately selected. That clearly is not the import of *Blakely*. *See e.g. United States v. Booker*, 543 U.S. 220 (2005) (construing federal sentencing guidelines as providing "numerous factors that guide sentencing"). The Sixth Amendment does not "automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." *Rita v. U.S.*, 127 S.Ct. 2456, 2465 -2466 (2007) Indeed, it is not the final sentence that *Blakely* and the Sixth Amendment are concerned with, but the maximum sentence the judge is authorized to impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303.

Petitioner dismisses the distinction between the authorized and selected sentences by asserting that the *Martinez* decision is founded upon an erroneous "interpretation of the Sixth Amendment" which is not binding on this Court. (Traverse, #15 at 12.) Petitioner notes that in *Cunningham*, the Court rejected the California Supreme Court's attempts to justify that state's sentencing by invoking a "construction" of California law. The U.S. Supreme Court saw through the ruse. "The [California] court did not modify California law so as to align it with this Court's Sixth Amendment precedent. Rather, it construed this Court's decisions in an endeavor to render them consistent with California law." 127 S.Ct. at 867, n. 13. However, in *Cunningham* the California court had attempted to analogize the California system to the post *Booker* federal sentencing system which provided for indeterminate sentencing subject to advisory guidelines. The Court rejected that analogy, noting that under the California system, an aggravated sentence was not authorized until the aggravating factors were found. In contrast, the *Martinez* court engaged in no stretching of the federal precedent, but merely analyzed Arizona law to determine what findings were necessary to authorize an aggravated sentence. Their answer was that a single factor was all that was necessary.

Finally, Petitioner argues that the sentencing court could not recycle Petitioner's prior conviction, which had already been used as a "historical prior" to increase her offense and the applicable triad sentencing range, to than aggravate her sentence from the presumptive

to the aggravated level. Petitioner argues that this would render the historical prior enhancement and the aggravation statutes mutually superfluous, since one would always yield the other. That, however, is a matter of construction of state law, which this Court cannot undertake.[4]

Petitioner points to no federal authority invalidating such double counting. It is true that double counting was prohibited in *Cunningham.* "An element of the charged offense, essential to a jury's determination of guilt, or admitted in a defendant's guilty plea, does not qualify as [an aggravating] circumstance." 127 S.Ct. at 868. However, that was not a function of federal law, but a direction of the California statutes. *Id.* at 863 (citing California Penal Code § 1170(b)). Petitioner points to no comparable provision in Arizona.

**4. Summary**

Petitioner is entitled to the application of *Blakely*, her conviction not being final until after the conclusion of her PCR proceeding. However, no *Blakely* violation occurred, inasmuch as Petitioner admitted a prior conviction, which was sufficient to authorize her aggravated sentence. Accordingly, Petitioner's Ground One is without merit and must be denied.

**B.   NOTICE CLAIM - GROUND TWO**

For her Ground Two for relief, Petitioner argues that her rights to Due Process under the Sixth and Fourteenth Amendments were violated when she was sentenced based on aggravating factors of which she was given no notice for her to adequately defend herself. Respondents argue that Petitioner's Ground 2 was not fairly presented to the state courts, having been presented for the first time in Petitioner's petition to the Arizona Supreme Court.

---

[4] Petitioner ignores the fact that enhancements for historical priors are limited to convictions of particular types of convictions. *See* Ariz. Rev. Stat. § 13-604(W). In contrast, the aggravation statute, § 13-702, does not limit the type of felony convictions to be considered, but only their currency.

- 13 -

Respondents argue that the claim is now procedurally defaulted, under both timeliness bars and preclusion bars. Petitioner replies that her notice claim was raised to the lower courts.

### 1.  Exhaustion and Procedural Default

Generally, a federal court has authority to review a federal constitutional claim presented by a state prisoner only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam); 28 U.S.C. § 2254. To result in exhaustion, claims must be "fairly presented." That is, the habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor*, 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).

Moreover, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Presentation of Petitioner's Notice Claim** - As argued by Petitioner, her notice claim arises under the statement in *Blakely* that "every fact which is legally essential to the punishment must be charged in the indictment and proved to a jury." (Traverse #15 at 15 (quoting *Blakely*, 542 U.S. at 302 n.5).) Thus, the operative fact in this claim was her lack of notice of the aggravating circumstances in the charging document. (*See* Traverse, #15 at 15.)

To the PCR court, Petitioner argued:

> To the extent that the trial court exceeded the presumptive term by relying on factors neither admitted by defendant nor found by a jury, the sentence must be vacated for a new hearing.

(Exhibit S, PCR Pet. at 2.)  No mention was made by Petitioner of any lack of notice of the aggravating circumstances.  Nor did Petitioner quote the footnote in *Blakely* upon which she relies, nor did she argue, as she does now, that "*Blakely* was <u>not</u> just a 'sentencing' case." (Traverse #15 at 15.)  Nor did Petitioner broach the subject in her Reply (Exhibit U), or her Motion for Reconsideration (Exhibit V).

To the Arizona Court of Appeals, Petitioner argued solely that "[t]hese aggravators were not admitted by Defendant nor found by a jury." (Exhibit W at 2.)  Again, there was no mention of a lack of notice in the charging document, or other reference to Petitioner's expansive reading of *Blakely*.

Petitioner did finally argue to the Arizona Supreme Court that she "was not given notice of the aggravating factors that the judge would rely on prior to the sentencing." However, her legal argument was limited to general principles of Due Process, and did not cite *Blakely* in support of that claim.

Even if this Court could conclude that Petitioner adequately presented her notice claim to the Arizona Supreme Court, that would not be sufficient to exhaust her state remedies. "Whether a claim is exhausted through a direct appellate procedure, a post-conviction procedure, or both, the claim should be raised at all appellate stages afforded under state law as of right by that procedure." *Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure,* § 23.3b (4th ed. 1998) ).  "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor' . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'" *Castille v. Peoples,* 489 U.S. 346, 351 (1989).  Thus, where a petitioner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them." *Casey,* 386 F.3d at 918.

1   In Arizona, review of a PCR Petition by the Arizona Supreme Court is governed by Ariz. R.Cr. P. 31.19. *See* Ariz. R. Cr. P. 32.9(g). That rule makes clear that a grant of review is discretionary, and requires a showing of reasons for granting review, such as "the fact that no Arizona decision controls the point of law in question, that a decision of the Supreme Court should be overruled or qualified, that conflicting decisions have been rendered by the Court of Appeals, or that important issues of law have been incorrectly decided." Ariz. R.Cr. P. 21.19(c)(3). Thus, just as in *Castille* and *Casey*, Petitioner's failure to present her claims to the intermediate appellate court precludes a finding that it has been fairly presented.

Ordinarily, this Court would be obligated to dismiss this unexhausted claim without prejudice, to allow Petitioner to exhaust her state remedies. However, Respondents argue that dismissal with prejudice is required, because Petitioner has procedurally defaulted on her unexhausted claim.

## 2. Procedural Default

As an alternative to presenting her claims to the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating that no state remedies remained available at the time the federal habeas petition was filed. 28 U.S.C. § 2254(b)(1)(B); *Engle v. Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). If, however, the procedural bar is of the petitioner's own making, then he may be precluded from seeking habeas relief.

> If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity.

*Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). This failure to comply with reasonable state procedures is usually characterized as "procedural default." When a petitioner has "procedurally defaulted," his claim is barred absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Petitioner does not challenge (assuming the claim is unexhausted) that the claim is

now procedurally defaulted. Indeed, Rule 32.2(a)(3), Arizona Rules of Criminal Procedure, precludes relief "based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding." In *Stewart v. Smith,* 202 Ariz. 446, 46 P.3d 1067 (2002), the Arizona Supreme Court recognized that except for claims of "sufficient constitutional magnitude", the State may establish preclusion under Rule 32.2 by simply showing "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Id.* at 449, 46 P.3d at 1070. Petitioner does not assert that her due process claim would be of "sufficient constitutional magnitude" so as to require something more than a mere failure to raise the claim for it to be precluded. Accordingly, the undersigned concludes that Petitioner's due process claim would be precluded under Rule 32.2(a)(3).

As a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz. Rev. Stat. § 13-4033(b). Moreover, under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Accordingly, direct appeal is no longer available for Petitioner's unexhausted claims.

Likewise, Petitioner can no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to her notice claim. Nor does it appears that such exceptions in Rule 32.1 would apply to this claim. The rule defines the excepted claims as

follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of her conviction or sentence. Petitioenr asserts no "newly discovered evidence" and thus paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of appeal, and the notice of post-conviction relief of-right applies only to first petitions filed within 90 days following a judgment based on a guilty or *nolo contendre* plea. *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right). Paragraph (g) has no application because Petitioner has not asserted a change in the law occurring since her last state PCR petition. Finally, paragraph (h) has no application to Petitioner's sentencing error claims.

Therefore, this claim must be found to be procedurally defaulted.

**Cause and Prejudice** - If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Petitioner

has not asserted cause or prejudice to excuse her default.

**Actual Innocence** - The standard of "cause and prejudice" can apply where " a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a petitioner asserting her actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* at 329. Petitioner has not attempted to make such a showing.

**Summary** - Petitioner's Ground Two was not properly exhausted and is now procedurally defaulted. Accordingly, Ground Two must be dismissed with prejudice.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground Two (Notice) of Petitioner's Petition for Writ of Habeas Corpus, filed December 15, 2006 (#1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Petition for Writ of Habeas Corpus, filed December 15, 2006 (#1) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file

1  a response to the objections. Failure to timely file objections to any factual or legal
2  determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*
3  *novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
4  Cir. 2003)(*en banc*).

DATED: October 16, 2007      _____
                                                            JAY R. IRWIN
                                                   United States Magistrate Judge

S:\Drafts\OutBox\06-3016-1r RR 07 09 25 re HC.wpd